UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

SEAVIEW PLACE DEVELOPERS, INC.

Chapter 11

Case No: 8:11-bk-5126-KRM

Debtor.
_____/

**INTERIM ORDER AUTHORIZING DEBTOR
TO OBTAIN POST-PETITION FINANCING**

**THIS CASE** came before the court for preliminary hearing on March 28, 2011 at 11:00 a.m. (the "**Preliminary Hearing**") to consider the *Debtor's Emergency Motion for Authority to Obtain Post-Petition Financing* (Doc. No. 7) (the "**Motion**") filed by Seaview Place Developers, Inc. (the "**Debtor**"). Through the Motion, the Debtor seeks the entry of preliminary and final orders pursuant to Section 364 of the Bankruptcy Code, authorizing the Debtor to (a) ultimately borrow up to Three Hundred Thousand Dollars ($300,000.00) (the "**DIP Loan**") on a post-petition basis from Gulf Landings Loan, LLC (the "**Lender**") and (b) obtain an immediate interim advance under the DIP Loan in the amount of $50,000.00 (the "**Interim Advance**") in order to avoid immediate and irreparable harm to the Debtor, its estate and its creditors.

Appearances were made as reflected on the record. The Court, having considered the Motion, the arguments and proffers of counsel, and for the reasons stated orally and recorded in open court that shall constitute this Court's decision, finds it appropriate to grant the Motion on a preliminary interim basis, to the extent set forth below and to

schedule a final hearing (the "**Final Hearing**") to consider final approval of the Motion. Accordingly, it is

**ORDERED**:

1. The Motion is **GRANTED** on a preliminary basis, as set forth below.

2. The Debtor is authorized to obtain the DIP Loan from the Lender, up to the amount of the Interim Advance, to the extent necessary to supplement the Debtor's existing cash and cash generated from the Debtor's operations, to pay those operating expenses set forth on the budget attached as an exhibit to the Motion (the "**Budget**").

3. Pursuant to Fed.R.Bankr.P. 4001(c)(2), the Court specifically finds that the obtaining of credit to the extent authorized by this Order, is necessary to avoid immediate and irreparable harm to the estate pending a final hearing on the Motion.

4. All amounts advanced pursuant to this Order shall be (i) secured by senior liens on assets of the Debtor not already encumbered by valid, perfected, and unavoidable liens pursuant to 11 U.S.C. § 364(c)(2), (ii) secured by junior liens on assets of the Debtor that are already encumbered by valid, perfected, and unavoidable liens pursuant to 11 U.S.C. § 364(c)(3), and (iii) allowed as "super-priority" administrative expenses pursuant to Section 364(c)(1) of the Bankruptcy Code with priority over all other administrative expenses of the kind specified in Sections 503(b) and 507(b) of the Bankruptcy Code; provided, however, that the liens and administrative expense claims of the DIP Lender shall be subject to a "carve-out" for professional fees of Debtor's counsel and fees of the United States Trustee as provided in the Motion.

5. The Court finds that the Lender has extended the DIP Loan in good faith and for reasonable equivalent value and is therefore entitled to the protection of 11 U.S.C. § 364(e).

6. A hearing to consider final approval of the Motion shall be scheduled for **May 5, 2011 at 10:00 a.m.**, Courtroom 9B, Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Tampa, Florida, by separate Order.

DONE and ORDERED in Tampa, Florida on March 30, 2011.

_____
K. Rodney May
United States Bankruptcy Judge

Copies furnished to:

**Chad S. Bowen**, Jennis & Bowen, P.L., 400 N. Ashley Drive, Suite 2540, Tampa, FL 33602
**Keith Fendrick**, Holland & Knight, 100 N. Tampa Street, Suite 4100, Tampa, FL 33602
**United States Trustee**, 501 E. Polk St., Suite 1200, Tampa, FL 33602
**LBR 1007-2 Parties in Interest**